UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEFFREY REVIS,

    Plaintiff,

  v.

TUSTIN CONSTRUCTION SERVICES, LLC,

    Defendant.

Civil Action No. 18-1479 (CKK)

**MEMORANDUM OPINION**
(August 21, 2018)

Plaintiff Jeffrey Revis brings this action against his former employer, Tustin Construction Services, LLC ("TCS") for wages allegedly owed following Plaintiff's termination. Pending before the Court is Defendant's [10] Motion for Change of Venue. Defendant asks the Court to transfer this action to the United States District Court for the Eastern District of Pennsylvania. Defendant's Motion is, in large part, based on the fact that the parties previously signed an agreement containing a forum selection clause whereby they stipulated that disputes of this nature would be litigated in Pennsylvania. Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court **GRANTS** Defendant's motion to change venue. The Court finds that this action could have been brought in the Eastern District of Pennsylvania originally, and that private and public interest factors weigh in favor of transfer.

---

[1] The Court's consideration has focused on the following documents:
- Def.'s Mot. for Change of Venue ("Def.'s Mot."), ECF No. 10;
- Pl.'s Opp'n to Def.'s Mot. to Transfer ("Pl.'s Opp'n"), ECF No. 14; and
- Def.'s Reply to Pl.'s Opp'n to Def.'s Mot to Transfer Venue ("Def.'s Reply"), ECF No. 15.

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

1

## I. BACKGROUND

This lawsuit arises from Plaintiff Jeffrey Revis' employment with Defendant TCS. *See* Compl., ECF No. 1-3, ¶ 6. Plaintiff alleges that he was terminated "for no reason other than to avoid paying" him a bonus and other wages that Plaintiff alleges he is owed. *Id.* ¶ 24. Among other things, Plaintiff claims that Defendant is obligated to pay him $12,000 under a Non-Disclosure and Non-Competition Agreement that Plaintiff and Defendant entered into when Plaintiff was first hired. *Id.* ¶¶ 18-20. Plaintiff alleges that "Section 2.2 of the Non-Disclosure Agreement provides that Revis is to be paid $12,000 upon termination in consideration for his not obtaining employment in a territory where Tustin is licensed." *Id.* ¶ 19. Plaintiff alleges that Defendant has failed to pay him this amount. *Id.* ¶ 20. His lawsuit is expressly based, in part, on this obligation. *Id.* ¶ 30.

Plaintiff originally brought this lawsuit in the Superior Court for the District of Columbia. Defendant then removed it to this Court based on diversity of citizenship. *See* Notice of Removal, ECF No. 1. After filing its Answer, Defendant moved to transfer this action to the Eastern District of Pennsylvania. That motion has been fully briefed and is ripe for resolution.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1404(a), a court may transfer a case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." The party moving to transfer venue bears the burden of establishing that convenience and the interests of justice weigh in favor of transfer. *See Int'l Bhd. of Painters & Allied Trades Union v. Best Painting and Sandblasting Co., Inc.*, 621 F. Supp. 906, 907 (D.D.C. 1985). Section 1404(a) vests discretion in the district court to conduct an "individualized, case-by-case"

analysis of whether transfer is appropriate. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

### III. DISCUSSION

Although the parties agree that venue is technically valid in this District, the Court will nonetheless exercise its discretion to transfer this action to the Eastern District of Pennsylvania in the interest of justice pursuant to 28 U.S.C. § 1404(a). Determining whether transfer is appropriate pursuant to Section 1404(a) calls for a two-part inquiry. First, the Court must ask whether the transferee forum is one where the action "might have been brought" originally. § 1404(a). Second, the Court must consider whether private and public interest factors weigh in favor of transfer. *See Lentz v. Eli Lilly & Co.,* 464 F. Supp. 2d 35, 36-37 (D.D.C. 2006). In this case, the Court concludes that this action could have been brought originally in the Eastern District of Pennsylvania, and that private and public interest factors weigh in favor of transferring the case to that court.

  a. <u>Plaintiff Could Have Brought this Action in the Eastern District of Pennsylvania</u>

Venue would have been proper in the Eastern District of Pennsylvania if this action had been brought there originally. Plaintiff argues that venue would not have been proper in the Eastern District of Pennsylvania because "all operable facts took place in the District of Columbia." Pl.'s Opp'n at 7-8. Even if the Court were to agree that "all operable facts" took place in D.C.—and it does not—this argument misstates the standard for venue. It ignores the fact that venue would be proper in this case in any "judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1).

In this case, the sole Defendant, TCS, resides in the Eastern District of Pennsylvania. Its principal place of business is located in that district, in Norristown, Pennsylvania. *See* Decl. of James Tustin Sasser, ECF No. 10-2 ("Sasser Decl."), ¶ 2. Plaintiff makes no attempt to dispute this fact. Accordingly, this action could have been brought originally in the Eastern District of Pennsylvania.

### b. The Private and Public Interest Factors Weigh in Favor of Transfer

The second step of the Court's analysis is determining whether the relevant private and public interest factors weigh in favor of transferring the action. The Court finds that both sets of factors weigh in favor of transfer in this case.

#### i. *Private Interest Factors*

In considering whether to transfer an action, the Court generally considers the following private interest factors: "(1) the plaintiffs' choice of forum, unless the balance of convenience is strongly in favor of the defendants; (2) the defendants' choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses of the plaintiff and defendant, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the ease of access to sources of proof." *Greater Yellowstone Coalition v. Bosworth,* 180 F. Supp. 2d 124, 127 (D.D.C. 2001).

Generally, the first factor—Plaintiff's choice of forum—carries significant weight. However, "where the parties have entered into a valid forum selection clause, 'the plaintiff's choice of forum merits no weight.'" *Glycobiosciences, Inc. v. Innocutis Holdings, LLC*, 189 F. Supp. 3d 61, 66-67 (D.D.C. 2016) (quoting *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 63 (2013)). Instead, when determining where an action should be

tried, "contractually valid 'forum-selection clauses should control except in unusual circumstances.'" *Id.*

Here, the parties have agreed to a contractually valid forum selection clause. As alleged in Plaintiff's Complaint, the parties signed a Non-Disclosure and Non-Competition Agreement when Plaintiff was first hired. That agreement includes a forum selection clause. *See* Non-Disclosure and Non-Competition Agreement, ECF No. 10-4 ("NDA"), ¶ 4. That clause states that "any action or proceeding seeking to enforce any provision of, or based on any right arising out of, this Agreement shall be brought against either of the parties in the courts of the Commonwealth Pennsylvania." *Id.* This clause indicates that the parties previously agreed that their choice of forum is Pennsylvania, not D.C. This is powerful evidence that the private interest factors weigh in favor of transfer.

Plaintiff concedes that "[i]t is true that when the parties have agreed to a valid forum-selection clause, a district court should generally transfer the case to the forum identified in the clause and only under extraordinary circumstances unrelated to convenience should the forum selection clause be denied." Pl.'s Opp'n at 7. However, Plaintiff attempts to resist the effect of the forum selection clause in this case by making two arguments. First, Plaintiff argues that the subject matter of the lawsuit is not covered by the clause. This argument is untenable. The clause clearly states that "*any action* or proceeding seeking to enforce *any provision* of, or based on any right arising out of, this Agreement shall be brought" in Pennsylvania. NDA ¶ 4 (emphasis added). The matter currently pending before the Court is clearly an action to enforce a provision of the NDA. In Plaintiff's Complaint, he alleges that Defendant "failed to pay [Plaintiff] $12,000 owed to him in exchange for his signing the Non-Disclosure Agreement." Compl. ¶ 20. He seeks as unpaid wages "$12,000 in consideration for having signed the Non-

Disclosure Agreement." *Id.* ¶ 30; *see also id.* ¶ 27 ("Tustin owes Revis . . . $12,000 in consideration for Revis having signed the Non-Disclosure Agreement."). It is true that Plaintiff also claims in this lawsuit that he is entitled to other forms of compensation that are unrelated to the NDA. *See, e.g.*, *id.* ¶¶ 11-17 (claiming entitlement to certain income based on agreements between the parties set forth in an Offer Letter). But the presence of these allegations does not change the Court's conclusion that transfer is in the interest of justice. Despite these allegations, this case is still, at least in part, an action to enforce a provision of the NDA. Such an action should be tried in Pennsylvania, pursuant to the parties' agreement. Even if some aspects of Plaintiff's claims could be tried in this Court, it would be inefficient and wasteful to bifurcate Plaintiff's claims, transfer only some, and have this dispute be litigated in two separate forums.

Second, Plaintiff argues that "the parties have not entered into a valid forum selection clause because there is no consideration to render the Agreement valid." Pl.'s Opp'n at 7. This argument is not persuasive either. Plaintiff argues that there was no consideration for the NDA because Defendant has failed to pay Plaintiff the $12,000 Plaintiff is allegedly owed under that agreement. But the fact that Defendant has—allegedly—failed to live up to its end of the bargain does not mean that there was no consideration for the contract at the time of formation. There was consideration. Plaintiff was promised $12,000 (in addition to $5,000 paid at the outset of his employment) in return for Plaintiff's promise to hold certain matters confidential and to not compete with Defendant. If Plaintiff's allegations are accepted as true, it may mean that Defendant has *breached* the terms of the NDA, but it does not mean that the NDA is invalid for lack of consideration. Plaintiff appears to acknowledge as much in his Complaint by asserting claims based on Defendant's allegedly owing Plaintiff money under the NDA. Those claims of course assume the validity of the NDA in the first instance.

6

The Court would transfer this matter to the Eastern District of Pennsylvania based solely on the parties' forum selection clause. However, the Court also notes that additional private interest factors also weigh in favor of transfer. Defendant's choice of forum is the Eastern District of Pennsylvania. Moreover, the claims in this case appear to have arisen predominately in Pennsylvania. Although the parties dispute the extent to which Plaintiff's work had any connection to the District of Columbia, a considerable majority of Plaintiff's work for Defendant during the course of his employment was conducted out of Pennsylvania. *See* Sasser Decl. ¶ 7; May 20, 2013 Offer Letter, ECF No. 10-3, ¶ XVII. The negotiations for Plaintiff's employment with Defendant took place in Pennsylvania. *Id.* ¶ 5. In addition, any alleged breach by the Defendant of its obligations to pay Plaintiff would have occurred in Pennsylvania, because that is where Defendant is headquartered and where its payroll is issued. *Id.* ¶ 19. Moreover, Defendant's witnesses and its financial records as well as other documents that would be relevant to this case are all in Pennsylvania. *Id.* ¶ 18.

In opposing Defendant's motion to change venue, Plaintiff attempts to identify activities of the Defendant that occurred outside of Pennsylvania. *See, e.g.*, Pl.'s Opp'n at 1-2. This attempt appears to be misguided. The activities identified by Plaintiff are those of the "Tustin Group," a separate business entity that is not the same as Defendant TCS. Defendant has presented evidence that the two entities are distinct and operate independently of each other. *See* Def.'s Reply at 1, Exs. A, B. Apparently unlike Tustin Group, Defendant TCS is located *solely* in Pennsylvania. *See* Sasser Decl. ¶ 2. It has no physical locations outside of that state. *Id.*

In sum, largely because the parties previously agreed to litigate disputes like this one in Pennsylvania through a valid forum selection clause, the private interest factors weigh in favor of transfer.

7

## ii. Public Interest Factors

The public interest factors—although less significant in this case than the valid forum selection clause—also weigh in favor of transfer. Those factors include "(1) the transferee's familiarity with the governing laws and the pendency of related actions in the transferee's forum; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home." *Greater Yellowstone Coalition,* 180 F. Supp. 2d at 128.

Here, the NDA contains a choice of law provision that states that the agreement is to be governed by Pennsylvania law. NDA ¶ 3. Pennsylvania courts, including federal ones, are more suited to adjudicate lawsuits that raise issues of that state's law. Moreover, the Court agrees with the Defendant that the enforcement of valid and agreed-upon forum selection clauses is in the public interest.

\*   \*   \*

In sum, the Court concludes that this case could have originally been brought in the Eastern District of Pennsylvania, and that the balance of the private and public interest factors weigh in favor of transferring this action to that District. Accordingly, the Court will exercise its discretion under 28 U.S.C. § 1404(a) to transfer this action to the Eastern District of Pennsylvania.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motion to change the venue of this action to the United States District Court for the Eastern District of Pennsylvania. An appropriate order accompanies this Memorandum Opinion.

Dated: August 21, 2018

>> /s/
COLLEEN KOLLAR-KOTELLY
United States District Judge